UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LEON HAYNES, | ) | 1:08-CV-01937 OWW SMS HC |
| | ) | |
|           Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
|    v. | ) | |
| | ) | |
| JAMES D. HARTLEY, Warden, | ) | |
| | ) | |
|           Respondent. | ) | |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

      On December 18, 2008, Petitioner filed the instant petition for writ of habeas corpus in this Court. He is currently serving a sentence of 15 years to life as a result of a conviction for second degree murder out of the Los Angeles County Superior Court. He challenges a September 15, 2006, decision of the California Board of Parole Hearings in which he was denied parole.

**DISCUSSION**

A. Procedural Grounds for Summary Dismissal

      Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

      If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk

to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Improper Claim

The instant petition concerns a subsequent parole hearing held on September 15, 2006, before the California Board of Parole Hearings in which Petitioner was denied parole. Petitioner raises multiple claims in his petition, of which all except one contest the parole decision. In claim two, Petitioner challenges the underlying conviction by claiming a violation of his plea agreement. This claim is not properly before this Court. First, the balance of the instant petition raises challenges to the parole decision, not the underlying conviction. Thus, the claim must be brought separately. Second, the proper place to raise such a claim is in the district of conviction, which is the Central District of California since Petitioner was convicted in the Los Angeles County Superior Court. Thus, the claim should be dismissed.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Ground Two be DISMISSED from the petition for writ of habeas corpus.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file

1 objections within the specified time may waive the right to appeal the District Court's order.
2 <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 IT IS SO ORDERED.
4 **Dated:    January 21, 2009**              **/s/ Sandra M. Snyder**
                                              UNITED STATES MAGISTRATE JUDGE